THE STATE *v.* REUBEN J. T. HAWES and others.

A warrant issued by a Justice of the Peace at the instance and upon the oath of a prosecutor, may be taken as the complaint of such prosecutor, but to give final jurisdiction to a Justice of the offence therein charged it must, under the Act of 1868–'9, ch. 178, sub-ch. 4, sec. 6, allege that the complaint is not made by collusion with the accused, and without such allegation, a conviction under it will not sustain the plea of *autre fois convict.*

A warrant for an offence within the jurisdiction of a Justice of the Peace, under the Act of 1868–'9, ch. 178, sub-ch. 4, sec. 6, may be issued by a Justice who does not reside in the township where the offence was committed, but it must be returned before, and tried by, a Justice who does reside in such township.

This was an indictment for an assault and battery upon one Edward Hall, tried before his Honor, *Buxton, J.,* upon the plea of *autrefois convict* at the last Term of the Superior Court of the County of DUPLIN. In support of their plea the defendants produced a warrant in the following words :

"State of North Carolina,
*To the Sheriff or other lawful officer of Duplin County*—
    Greeting :

Whereas, Information on the oath of Edward Hall, of said County, has been made to me, J. J. Ward, one of the Justices of the Peace of said County, that W. B. Hawes, John H. Blanton, Jacob D. Matthis, and R. J. T. Hawes, late of said County, did with force and arms at and in the County of Duplin aforesaid, and in the Township of Magnolia, on the 31st day of December, A. D. 1869, commit an assault on the body of the said Edward Hall, against the peace of the State, then and there being.   These are, therefore to command you to apprehend the said W. B. Hawes, John H. Blanton, Jacob D. Matthis and R. J. T. Hawes, and have them before me or some other Justice of your County, to answer to the said charge, and be further dealt with according to law.   Whereof fail not, and of this warrant make due return.   Given under my hand this 4th of January, 1870.
        (Signed)              J. J. WARD, J. P."

The warrant was executed, and the defendants were taken before James E. Kea, another Justice of the County, who rendered the following judgment :

"It is ordered and adjudged that the defendants, Wm. B. Hawes and R. J. T. Hawes do pay a fine of $5 each and costs, and that defendants John H. Blanton and Jacob D. Matthis pay costs and be discharged.

                        JAS. E. KEA, J. P."
January 8th, 1870.

It appeared that the Justice, J. J. Ward, did not reside in the Township of Magnolia, but that the Justice Jas. E. Kea, who tried the case and gave the judgment, did reside in said township.   His Honor was of opinion that the warrant might be treated as a complaint in writing and under oath of the party injured; but he held it to be insufficient

under the act of 1868-'9, ch. 178, sub ch. 4, to give the Justice of the Peace final jurisdiction of the offence, because it omitted to aver that the complaint was not made by collusion with the accused. Under this ruling of his Honor, the jury found against the defendants upon their plea of *autrefois convict* and pronounced a judgment, from which they appealed.

No counsel for the defendant.
*Attorney General* for the State.

SETTLE, J. The judgment is affirmed, for the reason given by the presiding Judge, to-wit: that the warrant, (which he considered as a complaint in writing, in which view we also concur,) contains no averment negativing collusion with the accused.

This is perhaps the most essential requisite prescribed by the Legislature in order to give a Justice of the Peace jurisdiction in criminal matters, for the great objection heretofore urged to conferring upon them this jurisdiction has been that by collusion, grave offences against the State would be compromised before these inferior Courts, to the exclusion of the jurisdiction of the Superior Courts, thereby scandalizing public justice. To meet this objection the Legislature has, as we think wisely, erected this barrier, which must appear in every complaint in order to give jurisdiction.

This disposes of the case before us, but we will call attention to the fact, which appears upon the record, that while the offence was committed in Magnolia Township, the warrant was issued by a Justice of the Peace, residing in Rockfish Township. It was, however, returned before and tried by a Justice residing in Magnolia Township. We see no objection to this practice. There is nothing in the act regulating the jurisdiction of Justices of the Peace in crim-

inal actions, which requires the warrant to be *issued* by a Justice of the Township in which the offence was committed. The restriction is that no Justice shall have final jurisdiction to *determine* any criminal action or proceeding for any offence whatever, unless it shall appear on the complaint, and upon proof before him, that the offence was committed within his Township.

It will doubtless be found very convenient, and in further-ance of the ends of public justice, that warrants may be *issued* by any Justice of the County, to be returned before a Justice of the Township in which the offence was committed.

PER CURIAM.                              Judgment affirmed.

NOTE.—The cases of the *State* v. *Bob Mooney*, and *State* v. *Amos Hyder*, decided at the present term, presented the same question as to the want of an averment in the warrant or complaint that there was no collusion between the de-fendant and the party injured, and were decided as in the above case of the *State* v. *Hawes*.