## STATE *v.* RUFUS GARDNER.

A·Justice of the Peace has no jurisdiction to try and determine the offence of Assault and Battery, unless the provisions of chap. 33, sec. 119, Bat. Rev , have been complied with:

*Therefore*, where A was indicted in the Superior Court, for an Assault and Battery, committed in the presence of a Magistrate, and upon a plea of "former conviction," it appeared that he had been fined by the Justice "for contempt of Court and assault" on the prosecutor: *Held*, that as the provisions of sec. 119 had not been complied with, the facts did not sustain the defendant's plea, and that it was no defence to the indictment in the Superior Court.

(*State* v. *Johnson*, 64 N. C, Rep. 581; *State* v. *Harris*, 65 N. C. Rep. 301, cited and approved.)

INDICTMENT for assault and battery, tried before *Watts, J.*, at January Term, 1875, WAKE Superior Court.

The defendant relied upon the plea of former conviction and punishment.

It was in evidence that the defendant had committed an assault and battery upon one Holland, the prosecutor, in the presence of one L. B. Seagraves, a Justice of the Peace for the county of Wake. For committing the said offence the defendant was fined by the said Justice of the Peace, for a contempt of Court. The record of the magistrate was introduced in evidence and showed that the defendant had been fined for " contempt of court, and assault on Wm. Holland."

The prosecutor swore that he did not make complaint to the magistrate of the injury done, nor request him to take cognizance of the offence.

Upon inspection of the record, his Honor held that the plea of former conviction was not sufficiently shown and charged the jury that if they believed the evidence, they should find the defendant guilty.

The prisoner excepted to this ruling. The jury rendered a verdict of guilty, whereupon the defendant appealed.

*T. M. Argo*, for the defendant.
*Attorney General Hargrove*, for the State.

PEARSON, C. J. We concur with his Honor in the view taken by him of this case. The action of the Justice of the Peace was simply to impose a fine on the defendant for contempt in committing an assault and battery in his presence while trying a case, and did not include a trial, conviction and punishment for the misdemeanor of an assault and battery. The one is an offence against the public peace, and is against the peace and dignity of the State. The other is an offence against the dignity of the office of a Justice of the Peace, which he is allowed to protect, by punishment for contempt. The act of the defendant included these two distinct offences, and the Justice of the Peace imposed a fine of one dollar for contempt. It follows that the defendant did not establish his plea of "former conviction and punishment."

If an assault and battery be committed in the room of the Superior Court, while in session, and the Judge imposes a fine on the party or sends him to jail, it would not occur to any one that this could be pleaded in bar of an indictment for assault and battery, for the Judge had no power to convict and punish for the misdemeanor , except upon a bill of indictment found by a grand jury, and passed on by a petit jury ; and the action of the Judge will be taken to be a punishment for the contempt only. So in our case, the action of the Justice of the Peace must be taken to be a punishment for the contempt only. For the Justice had no jurisdiction to try and punish the defendant for the misdemeanor, " unless it shall appear on the complaint, and upon proof before him. 1st. That the offence was committed within his township ; 2d. That the complaint is not made by collusion with the accused, and that it is made by the party injured by the offence ; 3d. That it is made within six months after the commission of the alleged offence. *The complaint shall be in writing and under*

*oath,* but need not be in any particular form." Act 1868'-69, Bat. Rev. chap. 33, sec. 116.

Here there was no complaint in writing under oath, negativing "collusion with the accused," which is necessary in order to confer jurisdiction. See *State* v. *Johnson,* 64 N. C., 581; *State* v. *Harris,* 65 N. C., 301.

There is no error.

PER CURIAM.                    Judgment below affirmed.